UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JOHNA PLUTE, *et al.*,

               Plaintiffs,       :    Case No. 2:25-cv-982

   - vs -                  Chief Judge Sarah D. Morrison
                              Magistrate Judge Chelsey M. Vascura

LOUIS PATRICK, *et al.*,

                               :

               Defendants.

## OPINION AND ORDER

This matter is before the Court on the Plaintiffs' Motion to Remand. (Mot., ECF No. 9.) Defendants responded (Resp., ECF No. 16) and Plaintiffs replied (ECF No. 19). For the reasons below, Plaintiffs' Motion is **GRANTED.**

## I.    BACKGROUND

This case stems from Louis Patrick's alleged sexual harassment of Johna Plute at The Salvation Army's Bellaire, Ohio facility. (Resp., PAGEID # 176.) At the time of the allegations, Louis lived with his wife in St. Clairsville, Ohio in a home owned by The Salvation Army. (*Id*.) Once the allegations came to light, Louis was criminally charged and convicted, sentenced to jail, and he and his wife were evicted from the home. (*Id*.)

Plaintiffs filed this suit on July 31, 2025 in the Belmont County Court of Pleas. At that time, Louis was incarcerated in an Ohio jail, and his wife lived in New York. (*Id*., PAGEID # 177.) Louis was released from jail on August 15. (*Id*.) Two days later, he moved to New York with his wife. (*Id*., PAGEID # 178.) On

1

September 15, 29 days after Louis moved to New York, he and his wife moved back to Ohio. (*Id.*)

## II.  LEGAL STANDARD

An action brought in state court can be removed to federal district court only if the federal court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction over civil actions when the action is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The party invoking federal jurisdiction bears the burden of proving, by a preponderance of the evidence, that jurisdiction is proper. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman*, 438 F.3d at 549–50 (citation omitted).

## III.  ANALYSIS

Plaintiffs argue that remand is appropriate for two reasons: (1) complete diversity does not exist because Louis Patrick was an Ohio citizen at the time the complaint was filed; and (2) removal was prohibited by the forum defendant rule. (*See* Mot.) Because Plaintiffs' first argument is dispositive, the Court will start and end there.

Under 28 U.S.C. § 1332, "diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "The general rule is that diversity is determined at the time of the filing of a lawsuit." *Curry v. U.S. Bulk Transp., Inc.*,

2

462 F.3d 536, 540 (6th Cir. 2006). To be domiciled in a state, a "person must be physically present in the state and must have either the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere." *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973). "There is a rebuttable presumption that a prisoner's domicile is his domicile prior to incarceration." *White v. Allstate Ins. Co.*, No. 5:23-cv-1551, 2023 WL 6904196, *3 (N.D. Ohio Oct. 19, 2023).

There is no dispute that Louis was incarcerated in Ohio at the time the complaint was filed, and he was domiciled in Ohio before being incarcerated. There is therefore a rebuttable presumption that when the complaint was filed, Louis's domicile was Ohio. Defendants argue that the presumption is overcome here because at the time the complaint was filed, Louis intended on joining his wife in New York once released from jail. (Resp., PAGEID # 177.) But to be domiciled in New York, Louis must have also been "physically present" there. *Stifel*, 477 F.2d at 1120. Because he was not, nor was he before being incarcerated, Defendants have not carried their burden to prove this Court's jurisdiction.

## III.   CONCLUSION

For the reasons above, Plaintiffs' Motion to Remand is **GRANTED**. This case is **REMANDED** to the Belmont County Court of Common Pleas.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

3